In the Matter of the Claim of FRANK LIPIARZ, Respondent, against INTERNATIONAL MILLING Co. et al., Appellants, and STATE INSURANCE FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer and its insurance carrier from a decision of Workmen's Compensation Board awarding compensation to claimant. Claimant's attorney also appeals from so much of the board's decision as reduced the fee for legal services allowed him by the referee. In the conduct of its flour and feed business, employer maintained a freight yard with eight railroad tracks, each accommodating four cars. Claimant, seventy-one years of age, was employed to keep the yard clean, which involved picking up and removal of paper, corrugated boards, copper dirt, flour, and other matter. His usual practice was to bundle the refuse, pass a rope around it, pull the bag to his back, carry it about 700 feet, and there dump it. The bundles ordinarily weighed about 50 to 60 pounds when dry. It rained on April 25, 1951. The refuse was wet. Claimant had carried off two bundles that day. Hurrying to finish the day's work he gathered all remaining refuse into one bundle "extra big" and heavy because it was wet. He estimated its weight at 90 to 100 pounds. As he lifted the bundle to his back and was anchoring the rope around his wrist, he felt a "terrific" pain in his head, neck, back and legs. He bent down to ease the pain, took the bundle to the dump, and dropped it. He then felt shaky and weak. Returning to the dressing room, he changed his clothes. He stated that, as he put on h's shoes, he could not hold his head up. The board found disabling accidental injuries of cerebral hemorrhage, hemiplegia, speech difficulty, and discoloration of the left side of the face as the result of unusual extra heavy effort, strain and exertion, while engaged in the regular course of employment. Substantial evidence supports the findings and award. We view the fixing of attorney's fees as within the discretion of the board. (Workmen's Compensation Law, § 24.) While the reduction of the amount allowed by the referee was substantial, the record discloses no unusual or particularly novel problems which would justify us in finding that the board abused its discretion. Award

unanimously affirmed, with costs to the Workmen's Compensation Board, and the decision fixing attorney's fees unanimously affirmed, without costs. Present — Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ.