■ In the Matter of the Claim of NIKIFOR BOCHKAREV, Respondent, v. HENRY'S LANDSCAPING SERVICE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Upon a prior appeal (10 A D 2d 398), we reversed and remitted because, in the state of the record then before us and because of the legally erroneous form of the findings, it was not possible to determine whether the board relied upon, and found preponderant, the testimony of two physicians who testified for claimant, which the Attorney-General argued must be found by us to be substantial evidence; or whether, on the other hand, the board did not rely solely upon that testimony but did give preponderant effect to such testimony when coupled with the reports of Dr. Simon, or gave effect solely to the reports of Dr. Simon, who did not testify and whose reports were not properly before the board. We did not, as appellants repeatedly argue, hold that the evidence adduced from the doctors who testified was not substantial; but we declined to evaluate that testimony as either substantial or insubstantial while there remained, under the deficient finding, a possibility that the board would not have found the evidence of causation preponderant had it given no consideration to Dr. Simon's reports. Upon the remittal, Dr. Simon was produced and testified "with a reasonable degree of certainty" that the accident was the competent, producing cause of the thrombosis of the middle cerebral artery and consequent aphasic disorder which resulted in claimant's disability. In contesting the basis of this medical opinion, appellants rely very largely on Dr. Simon's characterization of his own opinion as conjectural. In context, however, it is clear that the witness did not use that term in the extreme sense in which it is employed in the law of evidence, but seemed to regard as "conjectural" any conclusion not based on absolute certainty. Thus, he said, "Well, this of course is highly conjectural *because* we don't really *know* all the details of what occurs in the brain. We see certain things and obtain certain things in the history *and have reason to believe* that there are relationships

between the two and that's what occurs here." (Emphasis supplied.) Promptly after this statement, the doctor reaffirmed his "opinion that the trauma to the claimant's head produced the clot which ultimately produced the cerebral thrombosis". Upon the entire record, the proof of causation supplied by Dr. Simon, Dr. Blatt and Dr. Ehrlich must be accounted substantial evidence. Upon the appeal by claimant's attorneys, we are unable to hold that the award of $1,500 for legal services was so unreasonably low as to constitute an abuse of the discretion committed to the board. (*Matter of Mathiez* v. *Meyer*, 6 A D 2d 741, motion for leave to appeal denied 5 N Y 2d 705; *Matter of Lipiarz* v. *International Milling Co.*, 285 App. Div. 1092.) Decision unanimously affirmed, with costs to respondents filing briefs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.